UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

    Plaintiff,                                             Case No. 24-C-230

v.

DAVID A. WYNOS, DEVIN K. WYNOS,
MENOMINEE INDIAN TRIBE OF WISCONSIN,
COVANTAGE CREDIT UNION, and
COTTONWOOD FINANCIAL WISCONSIN, LLC,

    Defendants.

---

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

---

The Motion for Default Judgment having been filed by the Plaintiff on the 13th day of August, 2024 and the Court having considered the pleadings, affidavits and other documents now on file, the Court hereby makes the following findings of fact and conclusions of law:

### FINDINGS OF FACT

1. The defendants David A. Wynos and Devin K. Wynos are wholly in default.

2. That the allegations set forth in plaintiff's complaint are proven true.

3. That the mortgaged leasehold interest pertains to the premises described as follows:

Lot 5 in Onanekwat Resort, Being a Part of the SE-NE, NE-SE, and The NW-SE, all located In Section 20, Township 28 North, Range 16 East, Menominee Indian Reservation, Menominee County, Wisconsin. Located In The 4th Principal Meridian. containing .50 acres more or less.

Address N1061 Onanekwat Road, Keshena, WI 54135

4. That notice of the pendency of this action was duly given on March 18, 2024, by filing a lis pendens in the office of the Register of Deeds for Menominee County, Wisconsin. This was done in the manner and form required by law, after the filing of the complaint herein, and more than twenty (20) days prior to the trial or other resolution of this action.

5. The Menominee Indian Tribe of Wisconsin was provided notice informing it of David A. and Devin Wynos's default and the Tribe's right to cure and acquire their leasehold interest. The Menominee Indian Tribe of Wisconsin did not exercise that right. (*See* Dkt. No. 1 ¶ 10 and Dkt. No. 1-6).

6. That no Answer was filed which raises any substantive issues of fact.

7. That there is now due to the United States the following sums:

| | |
|---|---|
| Principal Balance | $93,747.36 |
| Fees Assessed | $    45.00 |
| Lis Pendens fees | $    30.00 |

8. In addition to the amounts due stated in paragraph 7, there is also due to the United States interest that is accruing daily on the debt. As of April 5, 2023, the interest accrued totaled $2,113.65.

9. That, under the terms of the mortgage, plaintiff may pay any taxes, assessments, or insurance premiums accruing against the mortgaged premises that are now due or that shall become hereafter due before a sale of the mortgaged premises; and to protect and preserve the mortgaged premises, plaintiff may make payments for such repairs to the premises as may reasonably be deemed necessary for the proper preservation thereof. Dkt. No. 1-3 ¶ 7. Under the terms of the mortgage, all sums advanced by plaintiff for taxes, assessments, insurance, or necessary repairs become additional indebtedness secured by the mortgage. *Id* at ¶9.

10. That, under the terms of the mortgage, costs and expenses incident to pursuing this foreclosure remedy may be paid out of the proceeds of a foreclosure sale. *Id*. at ¶22.

11. That no other proceedings have been held at law or otherwise for the recovery of the sum secured by the promissory note and mortgage.

## CONCLUSIONS OF LAW

1. That the plaintiff is entitled to judgment of foreclosure of the leasehold interest in the usual form as prayed for in plaintiff's complaint in accordance with the above findings of fact.

2. That all sums advanced by plaintiff for taxes, assessments, insurance, or necessary repairs shall become additional indebtedness secured by the mortgage and may be added to the judgment by order at any time after the entry thereof.

3. That any payments made by plaintiff for reasonable costs and expenses incurred incident to pursuing this remedy of foreclosure may be paid out of the proceeds of the foreclosure sale.

5. That the defendants and all persons claiming under them subsequent to the filing of the notice of the pendency of this action be and hereby are forever barred and foreclosed of all right, title, interest, claim and equity of redemption in and to the leasehold interest or any part, parcel, or portion thereof.

6. That if necessary to secure possession of said premises, the Clerk of Court, upon application by plaintiff, shall issue a writ of assistance.

7. That, pursuant to the mortgage instrument (*Id*. at ¶ 24), the defendants shall be granted a six (6)-month period of redemption.

8. That the leasehold interest be sold at public sale, and the sale shall be conducted by or under the direction of the United States Marshal for the Eastern District of Wisconsin. In accordance with 42 U.S.C. § 1479(d) and 7 C.F.R. § 3550.251(c)(3), the United States Marshal may sell, transfer, or otherwise dispose of the leasehold interest only to the Tribe, the Tribal housing authority, an eligible Tribal member, or the Department of Housing and Urban Development, which itself may only sell, transfer or otherwise dispose of the leasehold interest only to the Tribe, the Tribal housing authority, or an eligible Tribal member.

9. That the subsequent sale, transfer, or other disposition of the leasehold interest will not affect the status of the property as being held by the United States in trust for the Tribe.

**IT IS THEREFORE ORDERED** that foreclosure of said leasehold interest in the usual form as provided by and in accordance with the above Findings of Fact and Conclusions of Law be entered in this action.

Dated at Green Bay, Wisconsin this 14th day of August, 2024.

s/ William Griesbach
William C. Griesbach
United States District Judge